IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
UNITED STATES OF AMERICA    *
                            *
    v.                      *    CR 613-018
                            *
TACARRO MORGAN              *
```

O R D E R

In June 2014, Defendant Tacarro Morgan pleaded guilty to one count of wire fraud conspiracy and one count of aggravated identity theft. She was sentenced by the Honorable B. Avant Edenfield to serve 66 months of imprisonment on the first count and 24 months on the second count, the terms to be served consecutively for a total of 90 months. Morgan did not appeal the conviction and sentence.

On February 23, 2015, Morgan filed a motion to reduce sentence, alleging that she qualifies for a "substantial assistance" reduction pursuant to Federal Rule of Criminal Procedure 35. (Doc. 15.) One month later, Morgan sent a letter to Judge Edenfield asking why she had not received reductions in her sentence based upon acceptance of responsibility and her substantial assistance. (Doc. 16.) Morgan sent a similar letter the next month. (Doc. 18.)

Unfortunately, the motion to reduce sentence and the

letters did not receive responses from the Court, no doubt in large part due to the death of Judge Edenfield and consequential reassignment of this case to two different district judges. This is not to say that her challenges to her sentence have gone unaddressed. Indeed, Morgan filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Therein, she alleged that the district judge wrongly denied her credit for acceptance of responsibility and that she should have received sentencing credit for her substantial assistance to the government. On May 12, 2016, the United States Magistrate Judge issued a Report and Recommendation wherein he recommends the § 2255 be denied because Morgan had failed to raise these grounds on appeal and she had waived her right to bring a collateral attack in her plea agreement. This Court adopted the Report and Recommendation over Morgan's objections on June 2, 2016. Morgan has appealed this decision.[1]

Turning now to the pending motion filed February 23, 2015, the motion must be denied. In the plea agreement, the Government agreed to "consider" filing a motion for downward departure if it found, "in its sole discretion," that Morgan had rendered substantial assistance in other pending investigations. (Doc. 12, at 6.) The government has never

---

[1] Of note, Morgan recently filed a second § 2255 petition on July 25, 2016.

2

filed a Rule 35(b) motion. Thus, Morgan complains that the Government breached the plea agreement. Morgan asks this Court to reduce her sentence to correct this "miscarriage of justice." (Doc. 15, at 2.)

Rule 35(b) provides that the Court can reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person "upon the government's motion." Thus, according to the plain language of this rule, this Court lacks jurisdiction to reduce Morgan's sentence unless such motion is made by the Government. Moreover, the plea agreement shows that the Government did not offer an unconditional guarantee. Rather, the Government only promised that it would consider, in its sole discretion, whether Morgan provided substantial assistance. There is no record evidence to indicate that this equivocal promise was modified. Thus, to the extent that Morgan argues that the Government guaranteed a motion to reduce sentence would be filed, such argument is without merit.

The Government's exercise of discretion is subject to limited review however. In <u>Wade v. United States</u>, 504 U.S. 181 (1992), the Supreme Court explained that the prosecution's decision is subject to judicial review if, *and only if*, the defendant makes a "substantial threshold showing" that the prosecution's decision was based on an unconstitutional

motive, such as race or religion, or was not rationally related to any legitimate government end but was arbitrary or in bad faith. Id. at 185-86; see United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) ("[J]udicial review is appropriate only 'when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.'" (quoted source omitted)). If a defendant fails to make such showing, a district court may not compel the government to provide reasons or otherwise judicially inquire of the government's motives even if the defendant provided substantial assistance. Wade, 504 U.S. at 186.

In the present case, Morgan has neither made a showing nor argued that the failure to file a Rule 35(b) motion was unconstitutionally motivated. Thus, she has failed to demonstrate the type of illicit motive warranting judicial inquiry as contemplated by the Wade Court. In Wade, in fact, defense counsel merely explained the extent of his client's assistance to the government. The Supreme Court remarked:

> [A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one. The Government's decision not to move may have been based not on a failure to acknowledge or appreciate [defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving.

4

Id. at 187.

In conclusion, Morgan has failed to make a substantial threshold showing that the Government based its decision not to file a substantial assistance motion upon bad faith or upon unconstitutional considerations.

Upon the foregoing, Defendant's motion for a reduction in sentence based on cooperation (doc. 15) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA