# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| TACARRO MORGAN, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV617-009 |
| | ) | CR613-018 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

This Court denied Tacarro Morgan's first 28 U.S.C. § 2255 motion on the merits nearly a year ago, docs. 30[1] & 36; *see* doc. 57 (mandate of 11th Circuit denying movant's motion for a certificate of appealability because she had not made a substantial showing of the denial of a constitutional right), and her second as an unauthorized successive motion in August 2016, docs. 46-1 & 49. Morgan has returned with a third § 2255 motion, without a hint as to the prior procedural history, *see* doc. 60 at 3 (disingenuously stating she has not filed any appeal, motion, petition, or other application in any court),[2] and without

---

[1] The Court is citing to the criminal docket in CR613-018 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Morgan is reminded that those who lie to this Court are prosecuted. *Hendrix v.*

permission from the Eleventh Circuit to do so, contending she has only recently discovered sentencing errors made by the district court, *id.* at 4 & 6 -- oddly enough, the *exact* argument already seen and rejected in her prior two (unacknowledged) motions. *Compare* docs. 19, 43 & 60.

As Morgan has already been warned,

> "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court "lacks jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, it "must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States* , 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original)), adopted, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).
>
> Because this is Tacarro Morgan's second § 2255 motion and she never sought permission from the court of appeals to file it, "this Court is not at liberty to consider it." *Id.* Accordingly, it should be DISMISSED as successive.

---

*United States*, 2014 WL 4204927 at *1, n. 4 (S.D. Ga. Aug. 25, 2014). Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002); *United States v. Dickerson*, No. CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

Doc. 46-1 at 2-3. Morgan still has no authorization from the Eleventh Circuit to renew her already-rejected claims that the district court made sentencing errors in calculating her criminal history and denying an acceptance of responsibility reduction. *See* doc. 60. This Court thus has no authority to hear it.

Accordingly, Tacarro Morgan's § 2255 motion should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be

captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __24th__ day of February, 2017.

*signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA