# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

UNITED STATES OF AMERICA    *
                                  *
           v.                 *      CR 613-018
                                    *
TACARRO MORGAN           *

## O R D E R

On June 17, 2014, Tacarro Morgan was sentenced to a total term of 66 months imprisonment and 3 years supervised release; in addition, she was ordered to pay a $200 special assessment and $59,567 in restitution. The Judgment and Commitment Order sets an appropriate and typical payment schedule, providing:

> Pursuant to 18 U.S.C. § 3664(f)(3)(B), nominal payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR shall be made. Upon release from imprisonment and while on supervised release, nominal payments of a minimum of $200 per month shall be made. Payments are to be made payable to the Clerk, United States District Court, for disbursement to the victim.

(Doc. 13, at 6.) Presently, Morgan complains that the Bureau of Prisons ("BOP") has raised her payments from quarterly payments of $25 to monthly payments of $154. Morgan asks this Court to remove the word "minimum" from the Judgment and Commitment Order so that the BOP will be limited to assess only $25 quarterly. (Doc. 65.)

The BOP enacted the Inmate Financial Responsibility Program ("IFRP") to encourage inmates to meet her financial obligations. <u>Williams v. Pearson</u>, 197 Fed. App'x 872, 876 (11th Cir. 2006) (citing 28 C.F.R. § 545.10). "The regulations provide that, when an inmate has a financial obligation, including the special assessment and restitution imposed at sentencing, BOP staff 'shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation.'" <u>Id.</u> at 876-77 (citing 28 U.S.C. § 545.11). To do so, BOP staff conduct an independent assessment of an inmate's ability to pay and may consider funds the inmate receives from outside sources such as relatives. 28 U.S.C. § 545.11(a), (b). Participation in the IFRP is voluntary; however, an inmate's refusal to participate in the IFRP or to comply with the provisions of her financial plan may result in the limitation of certain privileges. <u>Williams</u>, 197 Fed. App'x at 877 (citing 28 C.F.R. § 545.11(d)).

Because the IFRP is a BOP program, any issue related to its administration must first be addressed to the BOP through appropriate channels before seeking relief in a district court. <u>See</u> 28 C.F.R. § 542.10(a) ("The purpose of the [BOP's] Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."); <u>Williams</u>, 197 Fed. App'x at 876 ("[T]o the

extent [a] claim is a challenge to the [IFRP] regulations themselves and the manner in which [a] sentence is being executed, § 2241 was the proper statute for bringing suit.") Only after the exhaustion of administrative remedies may an inmate challenge the BOP's decision under 28 U.S.C. § 2241. See Wardell v. Longley, 532 Fed. App'x 580, 581 (5th Cir. 2013) ("A challenge to a restitution payment schedule set by the BOP pursuant to the IFRP is properly raised in a § 2241 petition . . . ."). Further, § 2241 petitions must be filed in the district of *confinement* rather than in the sentencing court. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Thus, once Morgan exhausts her administrative remedies with the BOP, she must bring her § 2241 challenge in the Southern District of West Virginia, which has territorial jurisdiction over the facility in which Morgan is presently incarcerated. This Court would lack jurisdiction to consider her petition.

Upon the foregoing, Morgan's motion to modify the Judgment and Commitment Order (doc. 65) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of June, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA